Opinion issued December 1, 2005 














In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-05-00294-CR
____________

DAVID STUART ABBEY, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 176th District Court
Harris County, Texas
Trial Court Cause No. 1011969



 
MEMORANDUM OPINION
                Appellant David Stuart Abbey and his counsel Dan Cogdell informed the
trial court judge that appellant wanted to withdraw his notice of appeal. The clerk’s
record for the above referenced appeal contains a docket sheet entry that states:

Hearing held before the court where the defendant appeared with
his attorney, Dan Cogdell. The Defendant indicated his desire to
withdraw his appeal in this case. The court then allowed the
defendant to withdraw his appeal and a transcript of this hearing
is to be forwarded to the court of appeals where his appeal is
pending. The court also granted Mr.Cogdell’s motion to withdraw
as attorney for the defendant.

 
               The trial court conducted a hearing on April 7, 2005, and ordered the
reporter’s record of the hearing forwarded to this Court. The court then allowed Mr.
Cogdell to withdraw from the case.

               On August 16, 2005, Wong C. Lee, the Deputy Court Reporter for the 176th
District Court filed the transcript for the April 7, 2005 hearing. The appellant gave
testimony at the hearing that he did not desire to pursue the appeal in this case. The
transcript provides:

THE COURT: This is in Cause Number 1011969, State of Texas
versus David Abbey. It appears that on March 10, 2005, a notice
of appeal was filed on behalf of Mr. Abbey and Mr. Cogdell ,
who represents Mr. Abbey, filed this motion or notice. At that
time the Court set an appeal bond and it was back on the docket
for further proceedings. Mr. Cogdell met Mr. Abbey. We have
gone over this morning your opinions in terns of whether or not
to continue pursuing your appeal or to dismiss your appeal;
correct?

THE DEFENDANT: Yes , sir.

MR. COGDELL: Have we discussed that throughly enough to
your satisfaction?

THE DEFENDANT: Yes.

MR. COGDELL: You have any questions?

THE DEFENDANT: No, sir.

MR. COGDELL: Or of the court or the prosecutor on your rights
to appeal your case?

THE DEFENDANT: No, sir.

MR. COGDELL: Do you wish to affirmatively waive or give up
your right to appeal, which is your right?

THE DEFENDANT: Yes, sir.

MR. COGDELL: Now, I talked to you about this issue when you
were convicted and talked to you about it recently. Do you wish
me to do anything else or do you wish to have time to confer or
speak to another lawyer to advise you or counsel you on the
situation?

THE DEFENDANT: No, sir.

MR. COGDELL: So you are confident that you wish to abate
your appeal and begin serving your sentence is sincere and
genuine?

THE DEFENDANT: Yes, sir.

 
                Appellant has not filed a written motion to withdraw the appeal with the
appellate clerk of this Court. See Tex. R. App. P. 42.2(a). However, given appellant’s
expressed desire to forego pursuit of his appeal, we conclude that good cause exists
to suspend the operation of Rule 42.2(a) in this case in accordance with Rule 2. See
Tex. R. App. P. 2. We have not yet issued a decision. Accordingly, the appeal is
dismissed. 

               The clerk of this Court is directed to issue the mandate. Tex. R. App. P.
18.1.

PER CURIAM

Panel consists of Justices Taft, Keyes, and Hanks.

Do not publish. Tex. R. App. P. 47.2(b).